IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY LEE WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0118-P |
| | § | |
| DALLAS POLICE DEPARTMENT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Terry Lee Williams, an inmate in the Dallas County Jail, against the Dallas Police Department for wrongful arrest. On January 18, 2007, plaintiff tendered a form habeas petition to the district clerk. Unable to determine whether plaintiff intended to file a section 2254 habeas action or a section 1983 civil rights action, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories, but his answers were not signed and verified under penalty of perjury. By order dated March 30, 2007, the court instructed the district clerk to return the unsigned interrogatory answers to plaintiff at his address. That same order directs plaintiff to sign the verification attached to the interrogatory answers and return the verified answers to the clerk by April 13, 2007. Plaintiff was warned that the failure to file verified interrogatory answers within

the time specified in the order may result in the dismissal of his case without further notice.  *See* Order, 3/30/07, *citing* FED. R. CIV. P. 41(b).  To date, plaintiff still has not verified his interrogatory answers.  The court now concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order.  FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Such a dismissal may be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile.  *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff over two months ago.  Although plaintiff answered the interrogatories, the answers are not signed or verified under penalty of perjury.  As a result, the court has only unsigned interrogatory answers which cannot be considered for any purpose.  *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party."); FED. R. CIV. P. 33(b) (requiring interrogatory answers to be signed, under oath, by the person making them).  The court brought this deficiency to plaintiff's attention, returned the unsigned interrogatory answers, and ordered him to file verified answers with the district clerk by

April 13, 2007.  Plaintiff was specifically warned that "[i]f properly verified answers to the [interrogatories] are not returned to the clerk within the time specified herein, this case may be dismissed without further notice."  Order, 3/30/07.  Despite this warning, plaintiff has not verified his interrogatory answers.  The court must obtain additional information from plaintiff, in admissible form, in order to screen his complaint.  The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the court with signed and verified interrogatory answers.  Dismissal is clearly warranted under these circumstances.  *See Simmons v. Kelly*, No. 3-04-CV-0099-P, 2004 WL 1118786 at *1 (N.D. Tex. May 18, 2004) (dismissing claims of *pro se* plaintiff who failed to comply with court order requiring him to sign complaint).

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE